UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMANTHA XOCHILT VALENZUELA,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE, *et al.*,<br><br>Defendants. | Case No. 1:24-cv-01061-JLT-CDB (PC)<br><br>FINDINGS AND RECOMMENDATION TO DISMISS ACTION FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDERS AND FAILURE TO TIMELY EFFECT SERVICE OF PROCESS PURSUANT TO FED. R. CIV. P. 4(m)<br><br>(Doc. 7)<br><br>**14-DAY DEADLINE** |

**Background**

Plaintiff Samantha Xochilt Valenzuela ("Plaintiff") initiated this action with the filing of a complaint on September 5, 2024. (Doc. 1). The following day, the Clerk of the Court issued summonses and the Court entered an order setting a mandatory scheduling conference for December 2, 2024. (Docs. 4-6). The Court's order directed Plaintiff to "diligently pursue service of summons and complaint" and "promptly file proofs of service." (Doc. 6 at 1). The order further advised Plaintiff that failure to diligently prosecute this action "may result in the imposition of sanctions, including the dismissal of unserved defendants." *Id.* Plaintiff has not filed proofs of service and no Defendant has appeared in the action.

On November 22, 2024, the Court ordered Plaintiff to show cause why sanctions should not be imposed for failure to prosecute this action and to comply with the Court's orders to

diligently pursue service of process and promptly file summonses returned executed. (Doc. 7). In its order, the Court separately admonished Plaintiff that, absent a showing of good cause, the Court must dismiss the action if Plaintiff failed to effect service within 90 days of the filing of the complaint. *Id.* at 2.

Plaintiff was directed within five days from issuance of the Court's show cause order to respond and to file proofs of service on Defendants. *Id.* at 2-3. To date, Plaintiff has not filed any response nor any proofs of service of the order and the time to do so has passed.  Further, as 90 days have passed since Plaintiff's filing of the complaint, because Plaintiff has failed to respond to the Court's show cause order and demonstrate good cause for delay in service, the undersigned will recommend that this action be dismissed without prejudice for failure to obey the Court's orders, failure to prosecute, and failure to comply with Rule 4(m)'s service deadline.

**Governing Legal Standards**

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic

1  sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks &
2  citation omitted). These factors guide a court in deciding what to do and are not conditions that
3  must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products*
4  *Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

5  **Analysis**

6      Here, Plaintiff has failed to comply with the Court's orders. First, she has failed to
7  comply with the Court's order to diligently pursue service of process and promptly file proofs of
8  service.  Second, she has filed no response to the Court's order to show cause, nor any proof of
9  service of the order as directed, and the time to do so has passed. Thus, the first and second
10  factors — the expeditious resolution of litigation and the Court's need to manage its docket —
11  weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

12      The third factor, risk of prejudice to Defendants, also weighs fairly in favor of dismissal
13  since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an
14  action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). This matter can proceed no
15  further without Plaintiff's participation and, thus, the presumption of injury holds given
16  Plaintiff's unreasonable delay in prosecuting this action. Thus, the third factor — a risk of
17  prejudice to the defendants — also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

18      The fourth factor usually weighs against dismissal because public policy favors
19  disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However,
20  "this factor lends little support to a party whose responsibility it is to move a case toward
21  disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460
22  F.3d at 1228. Plaintiff has not moved this case forward toward disposition on the merits. She has
23  instead failed to comply with this Court's orders, the Federal Rules of Civil Procedure, and the
24  Local Rules. Therefore, the fourth factor — the public policy favoring disposition of cases on
25  their merits — also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

26      Finally, the Court's warning to a party that failure to obey the court's order will result in
27  dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262.
28  Here, the Court's order to show cause, requiring a response from Plaintiff, cautioned: "**Any**

3

**failure by Plaintiff to timely respond to this order to show cause will result in the imposition of sanctions, including a recommendation to dismiss this action.**" (Doc. 7 at 3; emphasis in original).

Further, The Order Setting Mandatory Scheduling Conference, issued September 6, 2024 (Doc. 6), advised the parties as follows:

> The Court is unable to conduct a scheduling conference until defendants have been served with the summons and complaint. Accordingly, plaintiff(s) shall diligently pursue service of summons and complaint and dismiss those defendants against whom plaintiff(s) will not pursue claims. Plaintiff(s) shall promptly file proofs of service of the summons and complaint so the Court has a record of service. Counsel are referred to Fed.R.Civ.P., Rule 4 regarding the requirement of timely service of the complaint. Failure to timely serve the summons and complaint may result in the imposition of sanctions, including the dismissal of unserved defendants.

(Doc. 6 at 1).

Therefore, the undersigned finds Plaintiff had adequate warning that dismissal could result from her noncompliance with a Court order and this Court's Local Rules. Thus, the fifth factor — the availability of less drastic sanctions —weighs in favor of dismissal. *Ferdik*, 963 F.2d at 1262; *Carey*, 856 F.2d at 1440.

Separately, dismissal is required under Federal Rule of Civil Procedure 4(m).  That rule provides that, if a defendant is not served within 90 days of the filing of the complaint, a court must dismiss the action, on motion or its own after notice to the plaintiff, or order service within a specified time, unless a plaintiff shows good cause for the failure. Fed. R. Civ. P. 4(m). Here, no Defendant has appeared in this action, the 90-day time limit passed on December 4, 2024, and despite being directed to demonstrate to the Court good cause for any delay in service at the risk of dismissal of the action, the Plaintiff failed to respond to the Court's order to show cause.

In sum, Plaintiff has failed to comply with the Court's orders and, in doing so, has failed to prosecute this action.

///

**Conclusion and Recommendation**

For the reasons given above, IT IS HEREBY RECOMMENDED that this action be dismissed, without prejudice, for Plaintiff's failure to obey Court orders, failure to prosecute this action, and failure to comply with Fed. R. Civ. P. 4(m).

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 6, 2024**                              _____
                                                                                   UNITED STATES MAGISTRATE JUDGE