1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

11

12

13

14

15

16

| | |
|---|---|
| SAMANTHA XOCHILT VALENZUELA,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE, *et al.*,<br><br>Defendants. | Case No. 1:24-cv-01061 JLT CDB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART, DISMISSING CERTAIN DEFENDANTS WITHOUT PREJUDICE<br><br>(Doc. 8) |

17

18

19

20

21

     Samatha Xochilt Valenzuela initiated this action with the filing of a complaint on September 5, 2024 (Doc. 1), and the Court issued summons for the defendants the following day. (Docs. 4, 5.)  On November 11, 2024, the Court ordered Plaintiff to show cause why sanctions should not be imposed for her failure to prosecute this action and serve the summonses and complaint on Defendants in a timely manner.  (Doc. 7.)  Plaintiff failed to respond to the order.

22

23

24

25

26

27

28

     On December 6, 2024, the assigned magistrate judge observed that "90 days have passed since Plaintiff's filing of the complaint," as required by the service deadline under Rule 4(m) of the Federal Rules of Civil Procedure.  (Doc. 8 at 2.)  In addition, the magistrate judge found Plaintiff failed to comply with the Court's orders "to diligently pursue service of process and promptly file proofs of service" and did not respond to the order to show cause.  (*Id.* at 3.)  The magistrate judge found terminating sanctions are appropriate after considering the factors set forth by the Ninth Circuit in *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988). (*Id.* at 3-4.)

1    Plaintiff's counsel, Jonathan Bakhsheshian, filed a declaration in response to the Findings

2    and Recommendations, asserting that he and his coworker—the only attorneys in the office

3    registered to practice in the "Eastern Division"[1]—were on paternity leave and encountered issues

4    with service. (Doc. 9.) Counsel requested an extension of time to file proofs of service. (*Id.* at

5    4.) Upon receipt of the declaration, the magistrate judge indicated the Findings and

6    Recommendations would be "held in abeyance" and granted Plaintiff an extension of time to

7    complete service. (Doc. 10.) The Court ordered Plaintiff to "effect service of process and file

8    proofs of service thereof by no later than January 8, 2025." (*Id.*)

9    On January 7, 2025, Plaintiff filed proofs of service related to service for the United States

10   Postal Service (Doc. 12), the United States Government (Doc. 13), and Daniel David Flores (Doc.

11   14). Plaintiff did not file proofs of service upon the County of Kern, the City of Shafter, or the

12   State of California. Significantly, the documents related to service for service upon the United

13   States Postal Service and the United States Government are plainly deficient, and do not

14   demonstrate proper service. (*See* Docs. 12, 13.) Toward this end, Plaintiff failed to comply with

15   the service requirements under the Federal Rules of Civil Procedure—even with the extended

16   deadline ordered by the Court— for the following defendants: the United States Government, the

17   U.S. Postal Service, the State of California, the County of Kern, or the City of Shafter. The only

18   defendant upon whom Plaintiff properly effected service is Daniel David Flores. (*See* Doc. 14.)

19   As the magistrate judge observed, pursuant to the Federal Rules of Civil Procedure, "If a

20   defendant is not served within 90 days after the complaint is filed, the court—on motion or on its

21   own after notice to the plaintiff—must dismiss the action without prejudice against that defendant

22   or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Although the Court

23   granted Plaintiff an extension of time to serve the defendants after the magistrate judge issued the

24   Findings and Recommendations, Plaintiff failed to serve the United States Government, the U.S.

25   Postal Service, the State of California, the County of Kern, or the City of Shafter. Plaintiff does

26   not show good cause for these failures. Accordingly, dismissal of these defendants is appropriate

27   due to Plaintiff's failure to serve the defendants as previously ordered and required by Rule 4(m),

28

[1] Presumably, Plaintiff's counsel intended to refer to the Eastern District of California.

1    as determined by the magistrate judge.

2        According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case.

3    Having carefully reviewed the matter, the Court concludes the Findings and Recommendations

4    are supported by the record and proper analysis.  However, because Plaintiff filed proof of

5    service upon Daniel David Flores by the extended deadline ordered as the Court held the

6    Findings and Recommendations in abeyance, the claims against Mr. Flores will be permitted to

7    proceed.  Thus, the Court **ORDERS**:

8        1.    The Findings and Recommendations issued on December 6, 2024 (Doc. 8), are

9              **ADOPTED** in part.

10       2.    Plaintiff's claims against the United States Postal Service, the United States

11             Government, the County of Kern, the City of Shafter, and the State of California

12             are **DISMISSED** without prejudice for failure to comply with Rule 4 of the

13             Federal Rules of Civil Procedure and failure to comply with the Court's orders.

14       3.    The matter is referred to the magistrate judge for further proceedings.

15

16   IT IS SO ORDERED.

17       Dated:    **January 31, 2025**                    _____
                                                            UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28

3